UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
N.U., Infant, by his Mother and
Natural Guardian, NUBAISHA AMAR, and
NUBAISHA AMAR, Individually,

                            Plaintiff,                  **ORDER**
                                                                         CV 16-4540 (SJF)(ARL)
       -against-

EAST ISLIP UNION FREE SCHOOL DISTRICT, et al.,

                            Defendants.
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the Court is the renewed motion of the plaintiffs, seeking to compel the defendants to disclose the identity of student-witnesses, some of whom submitted written statements concerning the underlying events in this action, and others who were first disclosed during the depositions of the defendants. The actual identities of the purported witnesses, C.A., A.A., L.A., F.F. and M.A., have been withheld by the defendants pursuant to the Family Educational Rights and Privacy Act ("FERPA"). The two remaining defendants, Principal Mark Bernard and Assistant Principal Jason Stanton, continue to oppose the plaintiffs' request, arguing that none of the student witnesses can provide relevant information about whether the defendants' actions were unreasonable in their scope, which they argue is the only remaining issue in this case.1

      The Court has reviewed the parties' submissions and finds that, subject to the advance notification of this order to C.A.'s, A.A.'s, and L.A.'s parents, C.A.'s, A.A.'s, and L.A.'s identities should be disclosed. The Family Educational Rights and Privacy Act of 1974 ("FERPA") provides:

> No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of releasing, or providing access to, any personally identifiable information in education records other than directory information, or as is permitted under paragraph (1) of this subsection, unless—
>
> (A) there is written consent from the student's parents specifying records to be released, the reasons for such release, and to whom, and with a copy of the records to be released to the student's parents and the student if desired by the

---

1 The Court has not considered the plaintiffs' reply letter, which was filed without permission in violation of the Court's Local and the undersigned's individual rules.

1

> parents, or
>
> (B) except as provided in paragraph (1)(J), such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency.

20 U.S.C. § 1232g (b)(2). "The purpose of FERPA is to 'assure parents of students . . . access to their education records and to protect such individuals' right to privacy by limiting the transferability (and disclosure) of their records without their consent.'" *Ragusa v. Malverne Union Free Sch. Dist.*, 549 F. Supp. 2d 288, 291 (E.D.N.Y. 2008) (quoting *Rios v. Read*, 73 F.R.D. 589, 597 (E.D.N.Y.1977)). The statute does not, however, provide a privilege that prevents the disclosure of records. *Id.* In fact, a party seeking disclosure is simply required "to demonstrate a genuine need for the information that outweighs the privacy interests of the students." *Id.*

In this case, the plaintiffs have demonstrated a genuine need for the records with respect to C.A., A.A. and L.A., the three students who provided the witness statements. It appears from the record that school officials relied in part on the statements of C.A., A.A. and L.A in determining what action to take. The plaintiffs are therefore entitled to further investigate what, if any, additional information may have been disclosed to the defendants by these students beyond what is set forth in their written statements. Accordingly, on or before August 17, 2018, counsel for the defendants is directed to provide a copy of this order to C.A.'s, A.A.'s, and L.A.'s parents. One week following the notice, the defendants are directed to provide the plaintiffs with unredacted copies of the records containing those students' identities.

The plaintiffs have not, however, demonstrated a need for the records relating to L.F. or M.A. Nothing in the plaintiffs' submission suggests that the defendants' discussion with L.F. had any impact on their actions. Stanton's deposition testimony indicates that L.F. lacked personal knowledge of the events and simply repeated what C.A. and other students told him. ECF No. 42, Exh. 3, p. 60-1. Indeed, as the plaintiffs acknowledge, L.F. was never asked to give the defendants a statement and Stanton could not even recall why he wrote down certain words during the interview of L.F. In a similar vein, the Court fails to see the relevance of M.A.'s identity given the fact that no statement was ever taken from M.A. Moreover, given the District Court's determination that the school's search and seizure of N.U. was reasonable under the circumstances, whether or not M.A. was the real "culprit" has no relevance.

Finally, the plaintiffs' request for video surveillance information is denied at this time. The plaintiffs have not demonstrated why information concerning the method by which recordings were kept, the duration of time they were saved, the format of the video system or the identities of those who had access to the video system is in any way relevant to the remaining claims in this case. The videos were allegedly reviewed by security personnel but not by the defendants. Nothing in the record before this court suggests that the defendants' actions were

2

impacted in any way by the video.

Dated: Central Islip, New York
       August 14, 2018

**SO ORDERED:**

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge